## Case No. 14,674.

### UNITED STATES v. BROWNING.

[1 Cranch, C. C. 500.] [1]

Circuit Court, District of Columbia. July Term, 1808.

CERTIORARI—FORCIBLE ENTRY AND DETAINER — PLEAS—RESTITUTION.

1. In Alexandria county, a certiorari, in a case of forcible entry and detainer, may be issued by one judge in vacation.

2. The inquisition may be traversed. No pleas will be allowed but a traverse of the force, or a possession for three years.

3. Restitution will not be awarded unless some person be held out of possession who has a right to possession. The act of Virginia does not punish the force; it only provides for restitution.

This was a certiorari to bring up the proceedings had before a justice of the peace in a case of forcible entry and detainer, upon a warrant issued under the act of Virginia of the 3d of December, 1792, p. 151, which reduces into one the several acts concerning forcible entries and detainers. The certiorari was granted by the chief judge of this court, upon the petition and affidavit of the defendant, in vacation. The petition was addressed to the chief judge, and his order was in these words: "Let the certiorari issue as prayed, upon bond being given according to law, in the penalty of two hundred dollars." See the act of Virginia of 12th of December, 1792, reducing into one the several acts concerning the establishment, jurisdiction, and powers of the district courts (sections 45, 49, p. 81); and the act of congress of 3d March, 1801, § 3 (2 Stat. 115), which gives this court, sitting in Alexandria, the same powers and jurisdiction, civil and criminal, as were then possessed and exercised by the district courts of Virginia. Upon the return of the certiorari, it appeared that the jury had found an inquisition of forcible entry and detainer, to which the defendant, by Mr. Youngs, his attorney, had offered two pleas in writing: 1st. That restitution ought not to be made to Stephen Cooke, at whose instance the warrant had been issued, because

[1] [Reported by Hon. William Cranch, Chief Judge.]

on the 6th of January, 1807, he had in writing demised the premises for a term of seven years to Hammond, who took possession and assigned his term to Morris who took possession; and that afterwards Browning, by permission of Morris, took possession, which he now holds; and this he is ready to verify, and prays judgment whether the said Cooke has right of entry or possession, in manner and form as he claims the same. 2d. That restitution ought not to be made, because the said Cooke, on the —— day of May, 1808, distrained and took away the goods, &c., to be dealt with according to law, to satisfy the rent-arrear, and prays judgment whether the said Cooke has right to his warrant of forcible entry and detainer, &c. These pleas were objected to by Mr. C. Simms, in behalf of Cooke, and the justice refused to receive them. They were again offered to this court.

Mr. Taylor, for the prosecution, objected, and contended that the defendant could not, after inquisition found, traverse the force. 1 Hawk. P. C. c. 64, §§ 17, 25–27; Id. § 8. Nor can the title be put in issue. It is a question of possession only. Id. § 38. But if the defendant can now traverse the force, he can plead nothing else, unless it be a possession for the space of three years, according to the 7th section of the act of Virginia.

Mr. Youngs, contra, contended that as Cooke had demised the premises for a term which was unexpired, he had no right of entry, there being no clause of re-entry for non-payment of rent. Gordon v. Harper, 7 Term R. 9. That if he had no right of entry, he could not claim restitution against one holding by permission of the lessee; and that by the statute of Virginia of the 12th of December, 1792, § 40, p. 80, the defendant had a right to plead as many several matters as he should think necessary for his defence.

THE COURT, however, rejected the pleas, and confined the defendant to the general plea. "Not guilty in manner and form, as stated in the inquisition."

Youngs & Swann, for defendant.
Taylor & Simms, for the United States.

THE COURT (nem. con.) on the prayer of the defendant's counsel, instructed the jury that, if they should be satisfied by the evidence, that the traverser was, at the time of the said force, in possession of the said land, under the said Morris, and by virtue of the lease aforesaid, and did not hold the said possession adversely to the said Morris nor to the said Hammond, the jury ought to find the issue for the defendant. The grounds of the opinion were that the holding must be a holding of some person out of a possession. Some person must be put out of possession; but according to the supposed case, Cooke had no right to possession. Browning's possession was Hammond's possession, and Hammond's possession was Cooke's possession, during the term. The act of assembly does not punish the force; it only provides for the restitution; but restitution cannot be made to a man not put out of possession, and not entitled to possession. If the court would not award restitution, the jury ought not to find the defendant guilty; that is, under the construction of the act of assembly, the defendant cannot be guilty of unlawful force, unless in a case where restitution ought to be made.

The jury, not being able to agree, were discharged by consent. But at November term, 1809, the jury found the defendant guilty of the force as charged in the inquisition.